**UNITED STATES of America**

v.

**Walter HIMMELREICH, Appellant.**

**No. 12–2394.**

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Sept. 7, 2012.

Opinion Filed Sept. 21, 2012.

James T. Clancy, Esq., Office of United
States Attorney, Harrisburg, PA, for
Plaintiff–Appellee.

Walter J. Himmelreich, Lisbon, OH, pro
se.

Before: SCIRICA, SMITH and
CHAGARES, Circuit Judges.

*OPINION*

PER CURIAM.

Pro se appellant Walter Himmelreich is
a federal prisoner. Following his 2006
guilty plea to a count of producing child
pornography in violation of 18 U.S.C.
§ 2251(b), we affirmed his conviction and
sentence. *See United States v. Himmelr-
eich,* 265 Fed.Appx. 100 (3d Cir.2008). A

collateral attack was unsuccessful. *See
United States v. Himmelreich,* C.A. No.
10–4720 (order denying certificate of ap-
pealability entered July 21, 2011).

In March 2012, Himmelreich wrote to
the District Court to request disclosure of
a variety of documents, including: grand
jury transcripts, FBI case notes, and the
presiding District Judge's case file notes.
Himmelreich explained that he was pre-
paring a "writ of error coram nobis/vobis,"
which was to be based on "newly discover-
ed impeachment evidence" that the "lead
investigator in this case[ ] ha[d] a history
of tampering with evidence." The District
Court denied the motion and denied Him-
melreich's request for reconsideration.
He timely appealed.

We have jurisdiction under 28 U.S.C.
§ 1291 and review for an abuse of discre-
tion. *Cf. United States v. Miramontez,*
995 F.2d 56, 59 (5th Cir.1993). We detect
none. Himmelreich has failed to show the
presence of an ongoing proceeding or a
particularized need for the materials, espe-
cially those that are unreleased or other-
wise privileged. *See* Fed.R.Crim.P.
6(e)(2)(E); *Miramontez,* 995 F.2d at 59.
His reconsideration motion provided no
basis for disturbing the District Court's
judgment.[1] *See Long v. Atl. City Police
Dep't,* 670 F.3d 436, 446 (3d Cir.2012). To
the extent that he wishes to prepare a writ
of error coram nobis, he is cautioned that
such a writ cannot be used to attack his
conviction while he is still "in custody."
*See Mendoza v. United States,* No. 11–
3958, 690 F.3d 157, 159–60, 2012 U.S.App.
LEXIS 13225, at *4–5 (3d Cir. N.J. June
28, 2012). He may *not* pursue coram nobis

---

[1]. The Seventh Circuit has cautioned that
these post-trial requests can implicate the ju-
risdiction of the District Court, as they may be
impermissible second or successive collateral
attacks. *See United States v. Scott,* 414 F.3d
815, 816–17 (7th Cir.2005). Because Him-

melreich reveals that he intends to submit his
petition in the future—he "is preparing" a
coram nobis application that he "will" file—
we will not find that the District Court lacked
jurisdiction on this ground. *See id.*

when other remedies, such as § 2255, remain available. *United States v. Denedo,* 556 U.S. 904, 911, 129 S.Ct. 2213, 173 L.Ed.2d 1235 (2009). As we explained in our order denying a certificate of appealability, he must obtain our permission if he wishes to file a second or successive collateral attack on his conviction or sentence; an inability to meet that standard does not render § 2255 relief "unavailable" for the purposes of coram nobis. *United States v. Rhines,* 640 F.3d 69, 72 (3d Cir.2011) (per curiam).[2]

There being no substantial question presented by this appeal, we will summarily affirm the order of the District Court. *Id.; see also* L.A.R. 27.4; IOP 10.6.

---

**2.** Himmelreich's submissions contain the faint air of sovereign-citizen argumentation. *See* Mot. for Copies 1–2, ECF No. 173 (referring to the District Court as an "Article I Court"; referencing the "Incorporated United States of America"). To continue down that path would be unrewarding. *See United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011).